FERNANDEZ, J.
GEICO General Insurance Company appeals from two final summary judgments entered in favor of appellees Kathleen and Michael Kastenholz, and appellee Barry Mukamal who is the court-appointed receiver for Carlos Lacayo, on the claim for declaratory judgment. We affirm the judgments, concluding that insurance coverage existed as a matter of law because there-was no genuine issue of material fact that GEICO failed to comply with the Claims Administration Statute, section 627.426, Florida Statutes (2015).
The Kastenholzes sued Lacayo for the wrongful death of their son that resulted from an automobile accident. GEICO first notified Lacayo of its reservation of rights to deny coverage because Lacayo was not listed as a driver under the insurance policy. Lacayo absconded and his whereabouts are unknown. GEICO thereafter notified Lacayo of its reservation of rights because Lacayo failed to cooperate with GEICO’s investigation. GEICO issued numerous other reservation of rights letters. GEICO represented Lacayo for a period of years and throughout post judgment proceedings. The jury ultimately returned a verdict for $15,350,000 in favor of the Kastenholzes. The trial court entered final *64 judgments consistent with the jury’s verdict. GEICO subsequently sought to decline coverage based on the coverage defense of breach of cooperation.
GEICO’s coverage defense failed to comply with the requirements of the Claims Administration, Statute. The plain and unambiguous language . of section 627.426 states:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail .sent to the last known address of the insured or by hand delivery; and .
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later , than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;
2. Obtains from the insured a non-waiver agreement following full.disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or
3. Retains independent counsel which is mutually agreeable to, the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court,.
(Emphasis added).
. GEICO did not comply with the written “refusal to defend” through .registered or certified mail, pursuant to section (2)(b)l. GEICO instead defended Lacayo. Neither did GEICO comply with sections (2)(b)(2), (3).,GEICO-could not obtain from Lacayo a “nonwaiver agreement” or “retain[j independent counsel which [was] mutually agreeable to the parties” because Lacayo had. absconded and GEICO did not know of Lacayo’s whereabouts. The trial court’s entry of summary judgments against GEI-CO was therefore proper.
Affirmed.